UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,                             Case No. 3:24-cr-13(2)

vs.

COLIN TANNER CRUMP,                 District Judge Michael J. Newman

     Defendant.

---

**ORDER OVERRULING WITHOUT PREJUDICE DEFENDANT'S OBJECTIONS TO HIS PRESENTENCE INVESTIGATION REPORT**

---

Previously in this felony criminal case, Defendant Colin Tanner Crump and the Government entered into a plea agreement pursuant to which Defendant pled guilty to (1) maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(2); and (2) conspiracy to obstruct justice, in violation of 18 U.S.C. §§ 1512(c)(1) and 1512(k).  Doc. No. 60.

The Court previously ruled on three objections Defendant raised to the final Presentence Investigation Report ("PSR").  Doc. No. 100.  The parties requested oral argument to renew two of the three previous objections.  Doc. Nos. 115, 116.  The Court heard oral argument from both sides on April 24, 2026.  Attorney Denis Lieberman argued on behalf of Defendant, and AUSA Kelly Rossi argued on behalf of the Government.  In addition to his previously-raised objections, Defendant also raised two new objections, so there are now a total of four objections at issue.  The Court has reviewed all relevant filings, and the four objections are now ripe for decision.

## I.  Applicable Legal Standard

This Court "must—for any disputed portion of the [PSR] or other controverted matter—

rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B) (brackets added). "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007). Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)). Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'" *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence." *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

## II.  The PSR

The PSR applies the United States Sentencing Guidelines ("Guidelines") to place Defendant's total offense level at 33. This includes a two-level increase because Defendant possessed a firearm in connection with the offense. It also includes a two-level increase based on Defendant maintaining a premises for the purpose of manufacturing or distributing a controlled

substance.  Finally, it includes another two-level increase based on Defendant willfully obstructing or impeding, or attempting to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense and because the obstructive conduct was related to the Defendant's offense or a closely-related offense.

The PSR places Defendant's criminal history category at IV.  Defendant's total offense level of 33, along with his criminal history category of IV, results in a Guidelines sentencing range of 188 to 235 months.

### III.  Analysis

In reconsidering the Court's prior Order, and in light of the parties' oral arguments at the hearing on April 24, 2026, the Court again concludes both of the previously-raised objections to the PSR lack merit and are overruled without prejudice to renewal during Defendant's sentencing hearing.  Further, the Court, to the extent it may have jurisdiction, declines to rule on the newly raised objection regarding Defendant's escape code.  Finally, Defendant's fourth objection was withdrawn, and so the Court need not rule on it.

### A.

The Court turns first to the two objections it previously overruled.  Doc. No. 100.

Defendant objects to PSR paragraph 37's inclusion of a two-level enhancement for possession of the firearm found in garage next to his residence.  He argues it is improbable that the firearm was there to protect the drugs and drug proceeds.  *See* USSG § 2D1.1(b)(1), comment. (n.11) (the "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offenses. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet").

To determine whether a firearm is related to a drug offense, the Court may consider: (1) the type of firearm involved; (2) the accessibility of the weapon to the defendant; (3) the presence of ammunition; (4) the proximity of the weapon to illicit drugs, proceeds, or paraphernalia; (5) the defendant's evidence concerning the use of the weapon; and (6) whether the defendant was actually engaged in drug-trafficking, rather than mere manufacturing or possession. *United States v. Greeno*, 679 F.3d 510, 515 (6th Cir. 2012) (abrogated on other grounds).  In this case, the firearm was a Glock handgun, which is easy to hide and transport.  This differs from a hunting rifle, which has an obvious use, hunting, that is unrelated to drug offenses and is more difficult to hide.  *See* USSG § 2D1.1(b)(1), comment. (n.11).  The weapon was also easily accessible to Defendant, as he had full access to the entire residence.  Additionally, there was a loaded magazine with nine rounds of ammunition in the same box as the firearm, and, the firearm being in the garage, it was on the same property as the drugs, which were hidden in the grill in the backyard.  Defendant did not offer another purpose to explain the presence of the firearm.  Defendant also argues that the digital scale itself may not have been drug paraphernalia, as it has other uses.  Assuming, *arguendo*, that the digital scale was not considered drug paraphernalia, Defendant agreed through the Plea Agreement that he was engaged in drug distribution, rather than mere manufacturing or possession.  Doc. No. 60 at PageID 198.  Therefore, the record supports the two-level enhancement for firearm possession.

Accordingly, the Court **OVERRULES** this objection to the PSR.  This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to this objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

In his next objection, also previously ruled upon, Defendant contends the PSR's inclusion of a two-level enhancement for maintaining a premises for the purpose of manufacturing or

distributing a controlled substance.  Defense counsel argues that such an enhancement is double counting by applying a two-level enhancement for conduct identical to that for which Defendant pled guilty.

In the Sixth Circuit, a two-level enhancement is not double counting so long as the enhancement does not affect Defendant's sentence in more than one way. *See United States v. Boyer*, 536 Fed.Appx. 539, 540 (6th Cir. 2013).  In this case, Defendant's base offense level was not affected by his guilty plea to maintaining a premises for manufacturing or distributing drugs. Instead, his base offense level was only determined by the drug quantity.  Therefore, the conduct of maintaining a premises for the purpose of manufacturing or distributing drugs was only counted once: in the two-level enhancement. *See Boyer* at 542; *United States v. Green*, 305 F.3d 422, 437 (6th Cir.2002).

Accordingly, the Court **OVERRULES** Defendant's second objection to the PSR.  This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to this objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

**B.**

In his third objection, which the Court now rules on for the first time, Defendant challenges the "escape code" appearing in the records of his custody with the United States Marshals Service. Defendant argues that in order to have such a code, one would need to escape from the custody of the government rather than fleeing before being arrested, as was the case here.  However, as United States Deputy Marshal Charles Sanso explained to counsel for both sides and the Court on a phone call on April 20, 2026, the escape code is an internal designation of being an escape *risk*, which flags Defendant due to fleeing the scene when police arrived.  This escape risk designation did not impact his offense level or criminal history.  Ruling on this objection is unnecessary because the

matter "will not affect sentencing."  *See* Fed. R. Crim. P. 32(i)(3)(B).  As such, and because the Court questions whether it has jurisdiction over the designation in the records kept by the Marshals, the Court, to the extent it has jurisdiction, **DECLINES TO RULE ON** this objection.

In his fourth objection, Defendant objects to PSR paragraph 36's use of a sum of money, including marked money, to determine his base offense level.  Defendant, however, **WITHDREW** this objection at the end of the hearing, and thus the Court finds no need to rule on it.

### IV.  Conclusion

For the above reasons, Defendant's offense level remains 33 and his criminal history remains IV, resulting, as noted above, in a Guidelines sentencing range of 188 to 235 months.

**IT IS SO ORDERED.**

May 18, 2026                                          s/*Michael J. Newman*
                                                     Hon. Michael J. Newman
                                                     United States District Judge

6